**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Davontae Wheeler,<br>Petitioner<br>v.<br>Gabriela Najera, et al.,<br>Respondents | Case No.: 2:26-cv-03053-JAD-EJY<br><br>**Scheduling Order** |

Petitioner Davontae Wheeler filed this 28 U.S.C. § 2254 petition for writ of habeas corpus.[1] After I provisionally appointed the Federal Public Defender to represent Wheeler in this case, the FPD filed a notice of conflict.[2] **So I appoint a panel attorney to represent Wheeler, and I set a briefing schedule.**

**IT IS THEREFORE ORDERED** that:

1. The following CJA panel attorney is appointed, *nunc pro tunc* to November 19, 2026, as counsel for Petitioner Davontae Wheeler:

   Jason F. Carr, Esq.
   Hofland and Tomsheck
   228 South Fourth Street, 1st Floor
   Las Vegas, NV 89101
   Phone: (702) 895-6760
   JasonC@hoflandlaw.com

2. Counsel will represent the petitioner in all federal proceedings related to this case, including all appeals and certiorari proceedings, unless allowed to withdraw.

[1] ECF No. 1-1.

[2] ECF No. 6.

3. Petitioner has **until February 18, 2027,** to file an amended petition or seek other appropriate relief. This deadline and any extension of such deadline may not be construed as implied findings regarding the federal limitation period or a basis for tolling. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions. So, a petition or amended petition filed within a court-ordered deadline may still be dismissed as untimely if it violates the statute of limitations.[3]

4. If Petitioner files an amended petition, Respondents will have **60 days** from the date of service to respond to it—including by motion to dismiss. Petitioner will have **30 days** from date of service of the answer to file a reply. However, Local Rule LR 7-2(b) governs the response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading.

5. Any procedural defenses raised by Respondents to the counseled amended petition must be raised together in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss will be waived. Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits. But arguments that an unexhausted claim clearly lacks merit may be included in a procedural-defense response. If Respondents do seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2) they must: (1) do so in a single motion to dismiss, not in the answer; and (2) specifically direct their argument to the standard

[3] *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*.[3] Basically, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, must be raised in a single dismissal motion.

6. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

7. Any state-court record and related exhibits filed by either party must be filed with a separate exhibit index identifying the exhibits by number. The CM/ECF attachments that are filed must then be identified by the corresponding indexed identifying number. If the filed exhibits span more than one ECF Number in the record, the first document under each successive ECF Number must be either: (1) another copy of the index, (2) a volume cover page, or (3) some other document serving as a filler, so that each exhibit under the ECF Number will be listed under an attachment number. For example, the filler page would be filed as ECF No. 1, and the exhibits would be filed as ECF No. 1-1, 1-2, 1-3, etc. And if there are more exhibits than can be attached to ECF No. 1, then ECF No. 2 would be a filler page with the exhibits as ECF Nos. 2-1, 2-2, 2-3, etc.

8. Courtesy copies of any electronically filed exhibits need not be provided.

U.S. District Judge Jennifer A. Dorsey
November 24, 2026